393 So.2d 245 (1980)
Lewis MOHR
v.
Jacqueline JENKINS et al.
No. 13649.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Rehearing Denied January 26, 1981.
Arthur Cobb, Baton Rouge, for plaintiffappellant Lewis Mohr.
*246 Frank W. Middleton, Jr., Baton Rouge, for defendants-appellees Jacqueline Jenkins and Belleau, McCord, Patin and Ostrowe, Inc.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
Lewis Mohr sued Jacqueline Jenkins, a nurse anesthetist, and Belleau, McCord, Patin & Ostrowe, the medical corporation by which Jenkins is employed, for physical complications, phlebitis and thrombosis of the arm, allegedly caused by Jenkins' improper administration of injectable valium.
After trial, judgment was rendered dismissing Mohr's suit. It was the trial judge's opinion that Jenkins, in general, performed the procedure correctly and conformed to accepted medical practice. Mohr seeks review of that judgment. We affirm.
Appellant's arguments center on the statement made by the trial judge in his written reasons (which, as we noted, found that Jenkins in general conformed to accepted medical practice) that Jenkins administered the valium too rapidly. The manufacturer's recommendation on the insert sheet folded with the bottle of valium stated the drug should be administered "... slowly, taking at least one minute for each 5 mg. (1 ml.) given..." Appellant contends that the trial judge erred in accepting the opinion of the medical experts that Jenkins adhered to the proper standard of medical practice, since those opinions, appellant argues, were based on the erroneous assumption that Jenkins did adhere to the manufacturer's instructions.
LSA-R.S. 40:1299.39 in pertinent part provides:
"(4) ... The standard of care required of every health care provider in rendering professional services or health care to a patient, shall be to exercise that degree of skill ordinarily employed, under similar circumstances by the members of his profession licensed to practice in the state of Louisiana who is in good standing in a similar community or locale, and to use reasonable care and diligence, along with his best judgment, in the application of his skill; provided, however, that in the case of a health care provider practicing in a recognized field of specialty, the standard of care in rendering professional services or health care to a patient shall be to exercise that degree of skill ordinarily employed, under similar circumstances by the members of that specialty in good standing, and to use reasonable care and diligence, along with his best judgment, in the application of his skill."
We are in agreement with the trial judge that Jenkins did not violate the required statutory standard of care. As can be seen from the following discussion, if we apply the standard for experts, the nurse anesthetist, Jenkins, exercised the standard of care exercised by specialists in similar circumstances. We must disagree with the assertion made by the trial judge, in the course of his written reasons, that the drug was administered in less than the time prescribed by the manufacturer. The evidence did not preponderate in support of the making of that assertion.
Jenkins testified that she always administered valium slowly in order to judge its effect. She further testified that she did not administer the valium to Mohr any faster than she administered it at any other time, and that she always administered the valium generally in conformity with the manufacturer's recommendations. She did not use a watch to time the injection. However, the expert testimony reveals that to use a watch was not the standard practice and that specialists do not follow manufacturer's inserts concerning the administration of valium, or any other medicine, strictly or literally. Therefore, even if Jenkins did not administer the valium in the precise time directed in the manufacturer's insert, her degree of precision and care did not vary from that adhered to in the field of her specialty, and she did not breach the malpractice statute LSA-R.S. 40:1299.39.
Mohr testified that the entire procedure occurred in less than one minute. However, the expert testimony indicates that valium *247 is administered because of its amnesic qualities, in order to dull or erase a patient's memory of the activities that took place immediately before undergoing anesthesia.
After careful consideration of the evidence, especially the amnesic qualities which the expert testimony revealed valium possesses, we find that Jenkins' estimate of time is more likely to be correct than Mohr's, whose estimate was probably rendered incorrect by the proven effect of the injection of valium. The evidence does not establish that the valium was injected with undue rapidity. Furthermore, when we look to the malpractice statute, which furnishes the sole basis for liability, we see that the trial judge was correct in founding his determination upon the clear evidence that Jenkins acted in accordance with accepted medical practice. Hence, we find, as was found by the trial judge, that there can be no liability.
For the foregoing reasons, the judgment of the trial judge is affirmed at appellant's cost.
AFFIRMED.